33 F.3d 61
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny YELLOWMAN, Defendant-Appellant.
 No. 93-10557.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1994.*
Decided Aug. 24, 1994.
 
 Before: NORRIS, THOMPSON, AND TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Yellowman was sentenced to 25 years under 28 U.S.C. Sec. 3581(b)(1) for first degree murder. We vacated this sentence and remanded for resentencing under 28 U.S.C. Sec. 1111(b), which provides for a mandatory life sentence. On remand, Yellowman was resentenced to life.
 
 
 3
 Yellowman argues that the increase in his sentence violates the double jeopardy clause. He acknowledges that generally a defendant acquires no expectation of finality in a sentence as he does in an acquittal. See United States v. DiFrancesco, 449 U.S. 117 (1980) (rejecting contention that the imposition of a particular sentence is an "implied acquittal" of any greater sentence). However, Yellowman argues, because the Sentencing Guidelines set up a procedure that is adversarial, and under which the sentencer has very limited discretion, defendants do acquire an expectation of finality in a particular sentence. Thus, he argues, his sentence falls under an exception to DiFrancesco recognized in Bullington v. Missouri, 451 U.S. 430 (1981).
 
 
 4
 In Bullington, the Supreme Court held that the double jeopardy clause was implicated by sentencing under Missouri's bifurcated system for trying death cases because the sentencing body lacked discretion and the sentencing hearing was adversarial in nature. Bullington, however, is an extension of the rule that defendants whose convictions are reversed for insufficient evidence may not be retried because the reversal constitutes a decision that the government failed to prove its case. See Burks v. United States, 437 U.S. 1 (1978). Thus, Bullington only applies when additional facts must be proven post-conviction to qualify a defendant for a particular sentence.
 
 
 5
 In this case, no proof of additional facts was required after Yellowman's conviction in the same way proof of additional aggravating factors was required at the sentencing hearing in Bullington to make the defendant eligible for the death penalty. Yellowman's conviction itself, without more, warranted a base offense level of 43, which carries a life sentence without parole. Because 43 is the highest offense level, the sentencing hearing in this case could not have resulted in any greater sentence than life. Thus, this case does not fall within the Bullington exception and is controlled by DiFrancesco.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3